IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RODERICK QUINN TOOMBS                                                                    PLAINTIFF

v.                                   Civil No. 1:13-CV-01091

RAY HOBBS, JOHN FELTS,
SHERIFF DAVID NORWOOD, NATHAN GREELEY,
and DOUG WOODS                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Roderick Quinn Toombs proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is currently not incarcerated but was previously incarcerated at the Ouachita County Detention Center. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is a Motion to Dismiss filed by separate Defendants Ray Hobbs and John Felts. ECF No. 16. Plaintiff has filed no response to this Motion, and the time to respond has expired. *See* Local Rule 7.2(b). This Motion is now ripe for consideration. Upon review, and based upon the following analysis, the Court recommends this Motion to Dismiss (ECF No. 16) be **GRANTED.**

**1.     Background:**

Plaintiff filed this lawsuit on October 10, 2013. ECF No. 1. In his Complaint, Plaintiff alleges Defendants Hobbs and Felts are liable both in their individual capacities and official capacities for inadequate medical care, unsuitable living conditions, inadequate meals, and

unacceptable treatment by the jail staff at the Ouachita County Detention Center. *Id.* Plaintiff does not allege either Defendant Hobbs, the Arkansas Department of Corrections director, or Defendant John Felts, the Chairman of the Arkansas Parole Board, were personally providing him inadequate medical care, unsuitable living conditions, inadequate meals, and unacceptable treatment by the jail staff at the Ouachita County Detention Center. *Id.* Instead, he alleges only that they are responsible or liable for these problems. *Id.*

On December 30, 2013, Defendants Hobbs and Felts filed their separate Motion to Dismiss. ECF No. 16. With their Motion, they claim Plaintiff's case against them should be dismissed because he has not alleged "any facts against either of them." *Id.* at 1. They also claim Plaintiff's case against them should be dismissed because both the individual capacity claims and official capacity claims against them are barred in a Section 1983 action. *Id.*

**2.     Applicable Law:**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a federal district court should accept the allegations contained in the complaint as true. *See Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001). Further, any reasonable inferences from the complaint are drawn in favor of the nonmoving party. *See id.*

A motion to dismiss is properly granted when, based on the plaintiff's own allegations, it is plain that the defendant is entitled to judgment as a matter of law. *See Young,* 244 F.3d at 627. "Though pro se complaints are to be construed liberally, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its

face." *Id.* (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

**3.    Discussion:**

Plaintiff brings two claims against Defendants Hobbs and Felts: (1) official capacity claims and (2) individual capacity claims.  ECF No. 1.  The Court will address both of these.

First, Plaintiff claims Defendants Hobbs and Felts are liable under 42 U.S.C. § 1983 in their official capacities.  ECF No. 1.  Plaintiff is incorrect in this claim.  Suits for money damages against the State of Arkansas and its agencies and officials sued in their official capacities are barred by the doctrine of sovereign immunity.  *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54 (1996).  *See also Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding "Section 1983 provides no cause of action against agents of the State acting in their official capacities").  Thus, the Court finds the Motion to Dismiss as to the official capacity claims against Defendants Hobbs and Felts should be **GRANTED.**

Second, Plaintiff claims Defendants Hobbs and Felts are liable under 42 U.S.C. § 1983 in their individual capacities for the treatment he received at the Ouachita County Detention Center.  ECF No. 1.  Plaintiff has not alleged that either Defendant personally provided the inadequate medical care, unsuitable living conditions, inadequate meals, and unacceptable treatment by the jail staff.  *Id.*  Thus, Plaintiff's claim is only that Defendants Hobbs and Felts are vicariously liable for the actions of others.  *Id.*  Such a claim is also not actionable under 42 U.S.C. § 1983.  *See Brown v. Fortner,* 518 F.3d 552, 559 n.1 (8th Cir. 2008) (holding a Section 1983 claim cannot be based on *respondeat superior* or vicarious liability).  Thus, the Court finds the Motion to Dismiss as to the individual capacity claims against Defendants Hobbs and Felts should be **GRANTED.**

4. **Conclusion:**

Based upon the foregoing, the Court recommends the Motion to Dismiss (ECF No. 16) filed by separate Defendants Hobbs and Felts be **GRANTED**, and Plaintiff's case against those two Defendants be dismissed. As to the remaining Defendants, the Court recommends Plaintiff's case not be dismissed at this time.

**The Parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED this 4th day of August 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE