IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RODERICK QUINN TOOMBS                                                                 PLAINTIFF

               v.                         Civil No. 1:13-cv-01091

DAVID NORWOOD, Sheriff,
Ouachita County; NATHAN GREELEY,
Jail Administrator, Ouachita County Detention
Center; and DOUG WOODS, Jailer,
Ouachita County Detention Center                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On April 8, 2015, a change of address was entered (ECF No. 26). The Court directed the Plaintiff to advise the Court by **April 27, 2015,** whether he intended to prosecute this case against the Defendants.

On April 27, 2015, the Defendants filed a Motion to Dismiss (ECF No. 27). In the Motion, Defendants state they noticed the Plaintiff for deposition on April 10, 2015, at 10:00 a.m. in the office of Rainwater, Holt & Sexton, in Little Rock, Arkansas. On April 9, 2015, Plaintiff contacted Defendants' counsel and advised him that his parole officer would not issue him a travel pass to go from Pine Bluff in Jefferson County to Little Rock in Pulaski County. Plaintiff provided no proof of this travel restriction or of the parole officer's refusal to approve the travel. Plaintiff did not appear at the deposition the following day.

On October 23, 2015, Defendants filed a second Motion to Dismiss (ECF No. 30). In this Motion, Defendants point out that in addition to failing to appear at his deposition, the Plaintiff failed to respond to the Court's order.

The Plaintiff has not communicated with the Court since November of 2014 (ECF No. 25). He did not respond to the Court's Order (ECF No. 26). He did not appear at his deposition. He did not respond to the Defendants' Motion to Dismiss (ECF No. 27).

I therefore recommend that the Motions to Dismiss (ECF Nos. 27 & 30) be **GRANTED** and this case dismissed with prejudice based on the Plaintiff's failure to obey an order of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE